UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WESTERN DIGITAL TECHNOLOGIES, INC. and HITACHI GLOBAL STORAGE TECHNOLOGIES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM; CARL B. COLLINS; FARZIN DAVANLOO,<br><br>Defendants. | Case No:  C 10-3595 SBA<br><br>**ORDER GRANTING DEFENDANTS COLLINS AND DAVANLOO'S MOTION TO TRANSFER AND DENYING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Dkts. 27, 29 |

Plaintiffs Western Digital Technologies, Inc. ("Western Digital") and Hitachi Global Storage Technologies, Inc. ("Hitachi") (collectively, "Plaintiffs") bring this action for declaratory relief against Defendants Board of Regents of The University of Texas System ("Board of Regents"), Dr. Carl B. Collins ("Collins"), and Dr. Farzin Davanloo ("Davanloo"). Plaintiffs seek declaratory judgment of noninfringement, invalidity, and unenforceability of two patents asserted against them by Collins and Davanloo in a separate action pending in the U.S. District Court for the Eastern District of Texas. Plaintiffs also seek judicial determination as to the ownership of the two patents.

The parties are presently before the Court on (1) Defendants Collins and Davanloo's Motion to Dismiss or Transfer and (2) Defendant Board of Regents' Motion to Dismiss. Dkts. 27, 29. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS Collins and Davanloo's motion to transfer and DENIES Defendants' motions to dismiss as MOOT for the reasons set forth below. The Court,

in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).[1]

# I. FACTUAL BACKGROUND

## A. THE TEXAS ACTION

On July 15, 2009, Collins, a Professor at The University of Texas at Dallas ("UTD"), and Davanloo, a Research Scientist at UTD, filed a complaint in the U.S. District Court for the Eastern District of Texas against twenty-one defendants, including Western Digital and Hitachi, alleging infringement of U.S. Patent Nos. 5,411,797 (the "'797 Patent") and 5,478,650 (the "'650 Patent") (collectively, the "patents-in-suit"). Dkt. 27-1, Chan Decl. ¶ 3, Ex. A. That case is styled Carl B. Collins & Farzin Davanloo v. Western Digital Technologies, Inc., et al., No. 2:09-cv-219-TJW (E.D. Texas) (the "Texas Action"), and is proceeding before U.S. District Judge T. John Ward.[2] According to the complaint in the Texas Action, both Collins and Davanloo reside in the State of Texas. Specifically, the complaint states that Collins "is a natural person and United States citizen having a principal residence at 1216 Glen Cove, Richardson, Texas 75080," and Davanloo "is a natural person and United States citizen having a principal residence at 5724 Twin Brooks Dr., Dallas, Texas 75252." Chan Decl. Ex. A ¶¶ 1, 2. The complaint further states that Collins and Davanloo, while employed by UTD, conceived of and reduced to practice the subject matter of the patents-in-suit in the North Building of UTD, which is located in Richardson, Texas. Id. ¶¶ 36, 41. The complaint in the Texas Action further alleges that Collins and Davanloo are the named inventors of the patents-in-suit and own all rights, title, and interest (including all rights to sue for past, present, and future

---

[1] Plaintiffs have moved for oral argument on the ground that Defendants have "raised a number of new facts and arguments for the first time in the reply briefs in support of the Motions." Dkt. 51 at 1. Putting aside whether that assertion is true, in deciding the motions, the Court has not relied upon any arguments presented for the first time in Defendants' replies. Therefore, Plaintiffs' motion is DENIED as MOOT.

[2] Judge Ward also presided over a prior lawsuit, filed in 2004, involving the '797 and '650 Patents, which lasted twenty months. Dkt. 29-4, Jackson Decl. Exs. 2, 4. That case is styled Collins v. Gillette Co., No. 2:04-cv-38 (E.D. Tex. 2004). During that time, Judge Ward issued a Markman ruling construing the disputed terms of the '797 and '650 Patents. Jackson Decl. Ex. 2. The parties settled after the Markman ruling. Id.

infringement) by virtue of an assignment from the Board of Regents.  Id. ¶¶ 34-42.  The Board of Regents is not a party to the Texas Action.

Hitachi and Western Digital filed answers and asserted counterclaims in the Texas Action.  Chan Decl. Exs. B, C.  Specifically, each has asserted as an affirmative defense that Collins and Davanloo lack standing to bring the Texas Action.  Id. Ex. B ¶ 66; Ex. C ¶ 66.  Furthermore, each has asserted counterclaims for declaratory judgment of noninfringement, invalidity, and unenforceability of the patents-in-suit.  Id. Ex. B. ¶¶ 75-96; Ex. C ¶¶ 75-96.

On August 16, 2010, Hitachi, Western Digital, and two other defendants filed a motion to dismiss the Texas Action for lack of standing (the "Texas Motion to Dismiss").  Chan Decl. Ex. D.  The Texas Motion to Dismiss asserts that the Board of Regents' assignment of the patents-in-suit to Collins and Davanloo was "legally invalid," and thus, Collins and Davanloo "lack enforceable title and lack standing to sue."  Id. at 2.  According to the Texas Motion to Dismiss, the Board of Regents allegedly developed the technology claimed in the patents-in-suit as a result of a grant from the U.S. Navy, and thus the Board of Regents was required (but failed) to comply with the applicable transfer protocol for government-funded inventions set forth under the Bayh-Dole Act, 35 U.S.C. § 200, et seq.  Id.  The Texas Motion to Dismiss has been fully briefed and is awaiting adjudication by Judge Ward.

Also pending before Judge Ward is the motion of Suhas Wagal to intervene in the Texas Action, filed on September 13, 2010.  Jackson Decl. Ex. 7.  Wagal asserts that he, along with Collins, invented and patented the method that Collins and Davanloo used to develop the technology described in the patents-in-suit, and that he is therefore entitled to a share of any recovery from the Texas Action.  Id. Ex. 9.  The motion to intervene has been fully briefed and is also ripe for consideration.

B.   **THE INSTANT ACTION**

On August 16, 2010, the same day they moved to dismiss the Texas Action, Western Digital and Hitachi filed in this Court the present action for declaratory relief relating to the patents-in-suit in the Texas Action.  They seek (1) a judgment of non-infringement, (2) a judgment that the patents are invalid and unenforceable, and (3) a judicial determination as to

the ownership of the patents.  Compl. at 6.  In their Complaint, Western Digital and Hitachi expressly refer to the Texas Action, and state that they "anticipate that the Texas [Action] will be dismissed for lack of standing and, on information and belief, that the Board of Regents may itself assert in the immediate future that [the products] of Western Digital and Hitachi infringe the patents-in-suit."  Id. ¶ 18.

## II.     PROCEDURAL BACKGROUND

Now, Defendants Collins and Davanloo (the "Inventor Defendants") move to dismiss Plaintiffs' claims against them for lack of personal jurisdiction and under the "first-to-file" rule.  Alternatively, the Inventor Defendants move to transfer Plaintiffs' claims to the Eastern District of Texas under Title 28 of the United States Code, section 1404(a).  Also, Defendant Board of Regents moves to dismiss Plaintiffs' claims against it on the following grounds: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; and (4) sovereign immunity.

## III.    THE INVENTOR DEFENDANTS' MOTION

In their motion, the Inventor Defendants seek as an alternative to dismissal an order transferring this action, under Section 1404(a), to the Eastern District of Texas.  Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The burden is on the moving party to demonstrate that the present forum is inappropriate.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

### 1.    This Action Could Have Been Filed in the Eastern District of Texas

For a court to transfer venue pursuant to section 1404(a), the movant must first show that the transferee court is one in which the original action could have been brought.  Glaxo Group Ltd. v. Genentech, Inc., 2010 WL 1445666, at *2 (N.D. Cal. April 21, 2010).  The original action could have been brought in another forum if that district had personal jurisdiction over the Defendants and venue was proper.  Urscheler v. Blenheim NDN, Inc., 1995 WL 566017, at *2 (N.D. Cal. Sep. 21, 1995).  Here, the Eastern District of Texas meets

these requirements for all Defendants.  Specifically, the Inventor Defendants concede in their motion that they submitted to personal jurisdiction and venue there by filing the Texas Action.  Inv. Defs.' Mot. at 15.  Moreover, the Eastern District of Texas would have personal jurisdiction over the Board of Regents, and venue would be proper there as to this dispute, as it operates a school in that district (specifically, UTD, where the Inventor Defendants are employed).  Indeed, the Board of Regents admits that this action could have been brought in the Eastern District of Texas in its motion to dismiss for improper venue.  Board Mot. at 15.

### 2. The Eastern District of Texas Is a More Convenient Forum

In determining whether transfer is proper, the Court must weigh both public factors, which go to the interests of justice, and private factors, which go to the convenience of parties and witnesses.  San Francisco Tech., Inc. v. Glad Products Co., 2010 WL 2943537, at *5 (N.D. Cal. July 26, 2010).  Relevant factors include:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).  "The court has the broad discretion to address some of these or other factors based on the particular facts of each case."  Johansson v. Central Garden & Pet Co., 2010 WL 4977725, at *2 (N.D. Cal. Dec. 2, 2010).

#### a) *Plaintiffs' Choice of Forum*

As a general matter, Plaintiffs are correct that their choice of forum should be afforded deference in considering the instant motion to transfer.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834 (9th Cir. 1986) ("the defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum").  However, the deference otherwise accorded to Plaintiffs' choice of forum is undermined by the minimal nexus between this District and the events that form the basis of the action.  See Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009) ("Deference to the plaintiff's choice of venue is further diminished if … the operative facts have not occurred within the forum").  Specifically, the patents-in-suit are based on work performed at UTD's

facilities located in the Eastern District of Texas by the Inventor Defendants, who are employed by UTD. Dkt. 29-2, Davanloo Decl. ¶ 17. One issue in this declaratory judgment action is whether the transfer of ownership of the patents-in-suit from UTD to the Inventor Defendants was effective in view of a purported research grant from the U.S. Navy. The relevant research was conducted in the Eastern District of Texas. Id. Also at issue here are the Inventor Defendants' efforts to enforce their rights in the patents-in-suit; those efforts also occurred in the Eastern District of Texas. See Avocent Huntsville Corp. v. Aten Intern. Co., Ltd., 552 F.3d 1324, 1332 (Fed. Cir. 2008) (a declaratory judgment action "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit"). Furthermore, only one of the Plaintiffs, Hitachi, has its principal place of business in this district. Compl. ¶ 2. Less weight has been accorded to a plaintiff's choice of forum where the plaintiff does not reside in this District. See Gemini Capital Group, Inc. v. Yap Fishing Corp., 150 F.3d 1088, 1091 (9th Cir. 1998) (finding that a plaintiff's choice of forum is entitled to significantly less deference when that forum is not the plaintiff's home forum).

At bottom, this District has no connection to the events that form the basis of the action, as the salient events transpired in the Eastern District of Texas. Given that finding, the Court concludes that Plaintiffs' choice of forum is entitled to minimal deference.

### b) *Efficiency and Consolidation*

The Court agrees with the Inventor Defendants that litigating these matters in the Eastern District of Texas – as Plaintiffs have already done through their counterclaims and motion to dismiss in the Texas Action – would be more efficient and less costly than proceeding in two forums. "[T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that Section 1404(a) was designed to prevent." Ferens v. John Deere Co., 494 U.S. 516, 531 (1990). On a related note, "[t]he feasibility of consolidation is a significant factor in a transfer decision . . . because of the positive effects it might have in possible consolidation of discovery and convenience of convenience to witnesses and parties." A.J. Indus., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal., 503 F.2d 384, 389 (9th Cir.

1974); see also Electronics for Imaging, Inc. v. Tesseron, Ltd., 2008 WL 276567, at *1 (N.D. Cal. Jan. 29, 2008) (transferring a declaratory judgment action to the district in which the defendant had previously filed an infringement action concerning the same patents against a third party, even though plaintiff was a California resident and numerous witnesses lived in California, observing that "[h]aving both actions before a single judge will obviate the need for duplicative tutorials and evidence, and will facilitate global settlement").

In this case, litigating the issues in both forums would force the parties to engage in duplicative discovery and pre-trial motions, require the courts to analyze the same factual and legal issues, and would require both courts to construe the same patent terms. Furthermore, the witnesses and parties would ultimately be required to attend two trials. Also, while this action was filed on August 16, 2010, the Texas Action has been pending for over a year. There, motions to dismiss for lack of standing and to intervene have been filed and briefed and await decision. Jackson Decl. Ex. 7. Judge Ward has issued a scheduling order, discovery order, and protective order. Id. Hitachi and Western Digital have served initial disclosures, invalidity contentions, and responses to interrogatories and collectively produced more than one million pages of documents. Id. ¶¶ 14-15. Collins and Davanloo have likewise served initial disclosures and infringement contentions, responded to interrogatories, and produced documents in the Texas Action. Id. ¶ 17. In addition to the Texas Action, Judge Ward presided over the Gillette action, which also involved the same patents. Id. Exs. 2, 3. Thus, he is already familiar with the patents and related technology. See Glaxo, 2010 WL 1445666, at *3 ("[a]llowing the same court to construe the same patent in this action would save substantial resources of both the parties and the court").

In their opposition, Plaintiffs argue that considerations of efficiency and consolidation do not weigh in favor of transfer because the Board of Regents is not a party to the Texas action, and as a result, the same issues are not present in both actions. However, Plaintiffs have asserted Collins and Davanloo's respective lack of standing as an affirmative defense in the Texas Action, and have filed a motion to dismiss in Texas on that basis. That motion necessarily involves the question of ownership of the patents-in-suit and the Board of Regents'

1  activities in that regard, which is precisely the issue raised by Plaintiffs here as part of their
2  declaratory relief action. Therefore, Plaintiffs' argument is not persuasive.
3        In sum, litigating this matter in this forum would squander judicial resources and
4  needlessly require the parties and the courts to duplicate efforts. Thus, the factors of efficiency
5  and consolidation weigh heavily in favor of transfer.

              *c)*     *Convenience of the Parties and Witnesses, Ease of Access to Evidence*

8        The fact that the events related to this action occurred in the Eastern District of Texas
9  also informs the Court's analysis regarding whether this or the Eastern District of Texas is a
10 more convenient forum for the parties and witnesses. As indicated, one question involved in
11 this declaratory judgment action is whether the patents-in-suit were developed as part of a
12 government-funded project. Because the research at issue occurred at UTD, key evidence is
13 more easily accessed by the proposed transferee forum. For instance, records related to the
14 scope and operation of the research project are maintained in Dallas, Texas. Dkt. 29-1, Collins
15 Decl. ¶ 32; Davanloo Decl. ¶ 20. Davanloo lives in the Eastern District of Texas (Davanloo
16 Decl. ¶ 3), and Collins lives near it (Collins Decl. ¶ 3). Suhas Wagal, who has also asserted in
17 the Texas Action an ownership interest in the technology involved in the patents-in-suit, lives
18 in Houston, Texas. Jackson Decl. Ex. 11. Robert L. Lovitt, Senior Vice President for Business
19 Affairs at UTD, has information regarding Collins and Davanloo's efforts to obtain the patents-
20 in-suit. Id. Ex. 13. Attorneys partly responsible for the prosecution of the patents reside in
21 Austin, Texas and Houston, Texas. Other than Davanloo and Collins, these witnesses are not
22 parties to this action.
23       In response, Plaintiffs state that individuals at the Naval Research Laboratory in
24 Washington, DC and at the Naval Weapons Center in California are "likely to have
25 information" relating to the research grant. Pls.' Opp. at 20. But Plaintiffs do not specify
26 which individuals they seek to call or describe their anticipated testimony. To demonstrate
27 inconvenience to witnesses, a party must "identify relevant witnesses, state their location and
28 describe their testimony and its relevance." Williams v. Bowman, 157 F. Supp. 2d 1103, 1108

(N.D. Cal. 2001). By only asserting that these unidentified individuals are "likely" to have relevant information, Plaintiffs have failed to satisfy this requirement.

The convenience of witnesses and parties and ease of access to evidence thus favors transferring the case to the Eastern District of Texas.

### d) *Local Interest in the Controversy*

As explained above, the patents-in-suit are based on work performed at UTD's facilities located in the Eastern District of Texas, and the Inventor Defendants' efforts to enforce the patents occurred in the Eastern District of Texas. Thus, it can be fairly stated that the Eastern District of Texas has a local interest in this controversy. In response, Plaintiffs assert that this District also has an interest in this action because it is where Hitachi is headquartered and where substantial product development and manufacturing efforts by Western Digital take place. At most, this factor is neutral, and, in view of the other factors weighing in favor of transfer, does not militate against transfer.

### e) *Familiarity of the Forums with the Applicable Law and Relative Court Congestion*

The remaining factors are neutral. The issues presented in this action implicate the federal Bayh-Dole Act and federal patent law, so neither venue is likely to have a greater familiarity with the applicable law. Also, neither party has argued that relative court congestion weighs either for or against transfer.

Case 4:10-cv-03595-SBA   Document 62   Filed 01/12/11   Page 10 of 12

Therefore, based on the above stated considerations, the Court GRANTS the Inventor Defendants' Motion to Transfer to the Eastern District of Texas.[3]

## IV. THE BOARD OF REGENTS' MOTION TO DISMISS

The Board of Regents moves to dismiss this action under Title 28 of the United States Code, section 1406(a), on the ground that venue is not proper in this District. Section 1406(a) provides: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The applicable venue statute in this case, Title 28 of the United States Code, section 1391(b), states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant

---

[3] Because the Court has determined that transfer is appropriate, it does not reach the personal jurisdiction or first-to-file arguments that the Inventor Defendants raise in moving for dismissal. As stated by the Supreme Court, a "federal court has leeway to choose among threshold grounds for denying audience to a case on the merits" and "[j]urisdiction is vital only if the court proposes to issue a judgment on the merits." Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 431 (2007) (internal citations and quotations omitted); see also In re LimitNone, LLC, 551 F.3d 572, 576 (7th Cir. 2008) ("the district court was not required to determine its own subject-matter jurisdiction before ordering the case transferred. … the Supreme Court has consistently held that 'there is no mandatory 'sequencing of jurisdictional issues'") (quoting Sinochem, 549 U.S. at 431); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (in considering a motion alleging improper venue under 28 U.S.C. §1406(a), finding that "§ 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not"); Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'") (quoting Goldlawr, 369 U.S. at 467).

may be found, if there is no district in which the action may otherwise be brought.[4]

Here, the Board of Regents argues that venue is improper under all three of section 1391(b)'s provisions.

In response, Plaintiffs do not dispute the Board of Regents' assertions that no Defendant resides in or can be found in this District.  Rather, Plaintiffs argue that venue is proper because a substantial part of the events or omissions giving rise to this action occurred here. Specifically, Plaintiffs note that Hitachi is headquartered here and, with respect to Western Digital, vaguely state that "most of the domestic operations relating to the accused products are located in [Western Digital]'s facilities in San Jose, California."  Dkt. 42, Yamashita Decl. ¶ 2. Therefore, according to Plaintiffs, they have "suffered in this District the brunt of the effects and costs of the infringement allegations."  Pls.' Opp. at 24.  However, the actions giving rise to this declaratory judgment action, i.e., Collins and Davanloo's filing of a patent infringement suit, occurred exclusively in the Eastern District of Texas.  See Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995) ("by referring to 'events or omissions giving rise to the claim,' Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff"). Therefore, Plaintiffs' argument that venue is proper here is not compelling.[5]

As a final matter, while the Board of Regents has moved only for dismissal based on improper venue, the Court finds that it is in the interest of justice to transfer this case to the Eastern District of Texas, as Plaintiffs have requested as an alternative disposition.  As indicated above, the Court has determined that Plaintiffs' claims against the Inventor

---

[4] Neither party argues that the venue statute for patent infringement actions, Title 28 of the United States Code, section 1400(b), applies in this case, nor does there appear to be any basis for such a finding, as this is a declaratory judgment action.  See 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.") (emphasis added).

[5] Plaintiffs rely on Myers v. Bennett Law Offices, 238 F.3d 1068 (9th Cir. 2001) for the proposition that it sufficient if some injury is suffered by them in this District.  That reliance is misplaced.  In Myers, the Ninth Circuit held that, in a tort action, the locus of the injury is a relevant factor in determining venue.  Id. at 1076.  This is not a tort action.

Defendants should be transferred to that District. Given that the relief that Plaintiffs seek against all Defendants is identical, their claims against all Defendants involve the same nucleus of facts, and similar issues are already being litigated in the Eastern District of Texas, it would be in the interest of justice also to transfer Plaintiffs' claims against the Board of Regents to that District.[6]

## V. CONCLUSION

For the above stated reasons,

IT IS HEREBY ORDERED THAT:

1. Defendants Collins and Davanloo's Motion to Transfer is GRANTED and their Motion to Dismiss is DENIED as MOOT.

2. Defendant Board of Regents' Motion to Dismiss is DENIED as MOOT.

3. The Clerk shall transfer the instant action forthwith to the U.S. District Court for the Eastern District of Texas, and shall terminate any pending dates and docket matters.

IT IS SO ORDERED.

Dated: January 12, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[6] As with the Inventor Defendants' motion, because the Court has determined that transfer of this matter is appropriate, it does not reach the subject matter jurisdiction and personal jurisdiction arguments that the Board of Regents posits in moving for dismissal. See In re LimitNone, 551 F.3d at 576 ("the district court was not required to determine its own subject-matter jurisdiction before ordering the case transferred. … the Supreme Court has consistently held that 'there is no mandatory 'sequencing of jurisdictional issues'"). Also, because venue is not proper in this District as to Plaintiffs' claims against the Board of Regents, the Court does not reach the merits of the Board of Regents' sovereign immunity argument.